UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON PADILLA, CDCR #K-33879,<br><br>                              Plaintiff,<br><br>   vs.<br><br>L. ARREDONDO, Lieutenant Hearing Officer; P. COVELLO, Former Warden at RJDCF; S.K. HEMENWAY, Final Appeals Examiner,<br><br>                              Defendants. | Case No.: 3:20-cv-00828-WQH-RBM<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) & 28 U.S.C. § 1915A(b)** |

**I.     Procedural History**

On April 30, 2020, Ramon Padilla ("Plaintiff"), currently incarcerated at the Richard J. Donovan Correctional Facility ("RJD") located in San Diego, California and proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (*See* Compl., ECF No. 1).

1

Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) when he filed his Complaint; instead, he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

On May 21, 2020, the Court GRANTED Plaintiff's Motion to Proceed IFP but DISMISSED his Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) & 28 U.S.C. § 1915A(b). (ECF No. 4.) Plaintiff was granted to leave to file an amended pleading in order to correct the deficiencies of pleading identified in the Court's Order. (*See id.*) On June 8, 2020, Plaintiff filed his First Amended Complaint ("FAC"). (ECF No. 5.)

In the Court's May 21, 2020 Order Defendant was cautioned that any "[d]efendants not named and any claim not re-alleged in his Amended Complaint will be considered waived." (May 21, 2020 Order, ECF No. 4 at 8; citing S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc*., 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty*., 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").) In his FAC, Plaintiff no longer names Warden Covello as a Defendant. Accordingly, the claims against this Defendant are waived.

**II.  Sua Sponte Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

A.  Standard of Review

As the Court previously informed Plaintiff, because he is a prisoner and is proceeding IFP, his FAC also requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The

purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B.   <u>Plaintiff's Factual Allegations</u>

On May 9, 2019, Plaintiff was "falsely accused of being in possession of a cellphone that was found hidden in [his] ex-cellmate's . . . assigned cell locker." (FAC at 3.) A disciplinary hearing was conducted on May 23, 2019 "before the Senior Hearing Officer" L. Arredondo. (*Id.*) Plaintiff "tried pleading with [Arredondo] over and over again" that he "should not be held accountable and punished for [his] ex-cellmate's actions." (*Id.*) During Plaintiff's disciplinary hearing he alleges that his ex-cellmate submitted a "sworn declaration" which was a "confession under oath" that Plaintiff "knew nothing about [his

3

ex-cellmate] hiding a cellphone in his personal locker." (*Id.*)

However, Arredondo "disregarded" this sworn declaration and found Plaintiff "guilty anyway." (*Id.*) Plaintiff "appealed the Defendant's ruling against [him] all the way up" through the final level of review within the CDCR. (*Id.*) The "Third Level Review Appeals Examiner named S.K. Hemenway fully acknowledged [Plaintiff's] argument" that "no inmate should have control over another inmate's welfare." (*Id.*)

Plaintiff was "never charged or found guilty of being in 'constructive possession'" of the cellphone. (*Id.* at 4.) However, Plaintiff and his former cellmate were "both charged and found guilty of being in 'actual possession' of only one cellphone." (*Id.*) However, Plaintiff contends that it is "humanly impossible" for two people to be in "physical possession" of only one cellphone. (*Id.*) Plaintiff seeks injunctive relief and compensatory damages in the amount of $6,000.00. (*Id.* at 7.)

### C. 42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### D. Due Process claims

The Due Process Clause protects prisoners against deprivation or restraint of "a protected liberty interest" and "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)) (internal quotation marks

omitted). Although the level of the hardship must be determined in a case-by-case determination, courts look to:

> 1) whether the challenged condition 'mirrored those conditions imposed upon inmates in administrative segregation and protective custody,' and thus comported with the prison's discretionary authority; 2) the duration of the condition, and the degree of restraint imposed; and 3) whether the state's action will invariably affect the duration of the prisoner's sentence.

*Ramirez,* 334 F.3d at 861 (quoting *Sandin*, 515 U.S. at 486-87). Only if an inmate has alleged facts sufficient to show a protected liberty interest does the court next consider "whether the procedures used to deprive that liberty satisfied Due Process." *Ramirez,* 334 F.3d at 860.

In the Court's previous Order, Plaintiff was told that he must allege "facts which show that the disciplinary punishment he faced as a result of the RVR subjected him to any 'atypical and significant hardship in relation to the ordinary incidents of prison life'." (*See* May 21, 2020 Order at 6; citing *Ramirez,* 334 F.3d at 860; *Sandin*, 515 U.S. at 584.) However, once again, Plaintiff does not compare the conditions of his confinement before or after his disciplinary conviction. Nor does he allege the degree of restraint it imposed. *Ramirez*, 334 F.3d at 861 (quoting *Sandin*, 515 U.S. at 486-87).

Therefore, the Court finds that Plaintiff's pleading contains no "factual content that allows the court to draw the reasonable inference," *Iqbal*, 556 U.S. at 678, that Defendants actions "presented a dramatic departure from the basic conditions of [Plaintiff's] indeterminate sentence," or caused him to suffer an "atypical" or "significant hardship." *Sandin*, 515 U.S. at 584-85; *see also Keenan v. Hall*, 83 F.3d 1083, 1088-89 (9th Cir. 1996), *amended by* 135 F.3d 1318 (9th Cir. 1998).

Moreover, even if Plaintiff *had* alleged facts sufficient to invoke a protected liberty interest under *Sandin*, he still fails to plead facts to plausibly show he was denied the procedural protections the Due Process Clause requires. *See Iqbal*, 556 U.S. at 678; *Ramirez,* 334 F.3d at 860 (citations omitted); *see also Brown v. Oregon Dep't of Corr.*, 751

F.3d 983, 987 (9th Cir. 2014). Those procedures include: (1) written notice of the charges at least 24 hours before the disciplinary hearing; (2) a written statement by the fact-finder of the evidence relied on and reasons for the disciplinary action; (3) the right to call witnesses and present documentary evidence if doing so will not jeopardize institutional safety or correctional goals; (4) the right to appear before an impartial body; and (5) assistance from fellow inmates or prison staff in complex cases. *Wolff v. McDonnell*, 418 U.S. 539, 563-72 (1974); *Serrano v. Francis*, 345 F.3d 1071, 1079-80 (9th Cir. 2003). Plaintiff does not allege any facts that any of procedural processes required by *Wolff* were not followed in his disciplinary hearing.

E. <u>Leave to Amend</u>

Because Plaintiff has already been provided a short and plain statement of his pleading deficiencies, as well as opportunities to amend those claims to no avail, the Court finds granting further leave to amend would be futile. *See Gonzalez v. Planned Parenthood*, 759, F.3d 1112, 1116 (9th Cir. 2014) ("'Futility of amendment can, by itself, justify the denial of ... leave to amend.'") (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, [t]he district court's discretion to deny leave to amend is particularly broad." (internal quotation marks omitted) (second alteration in original)).

### III. Conclusion and Order

For the reasons explained, the Court:

1) **DISMISSES** this civil action without further leave to amend for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), and

2) **DIRECTS** the Clerk of Court to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED**.

Dated: July 2, 2020

Hon. William Q. Hayes
United States District Court