UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON PADILLA, CDCR #K-33879,<br><br>                              Plaintiff,<br><br>vs.<br><br>L. ARREDONDO; P. COVELLO; S.K. HEMENWAY,<br><br>                              Defendants. | Case No.: 3:20-cv-0828-WQH-RBM<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>[ECF No. 9] |

**I.      Procedural History**

On April 30, 2020, Ramon Padilla ("Plaintiff"), currently incarcerated at the Richard J. Donovan Correctional Facility ("RJD") located in San Diego, California and proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (*See* Compl., ECF No. 1).

Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) when he filed his Complaint; instead, he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

On May 21, 2020, the Court GRANTED Plaintiff's Motion to Proceed IFP but DISMISSED his Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) & 28 U.S.C. § 1915A(b). (ECF No. 4.) Plaintiff was granted to leave to file an amended pleading in order to correct the deficiencies of pleading identified in the Court's Order. (*See id.*) On June 8, 2020, Plaintiff filed his First Amended Complaint ("FAC"). (ECF No. 5.)

On July 2, 2020, the Court, once again, sua sponte screened Plaintiff's FAC and found that he failed to correct any of the deficiencies of pleading contained in his Complaint and DISMISSED the entire action for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) & 28 U.S.C. § 1915A(b). (ECF No. 6.) The Court further found that granting further leave to amend would be futile. (*Id.*)

On July 21, 2020, Plaintiff filed a Motion for Reconsideration. (ECF No. 9.)

## II.   Motion for Reconsideration

### A.   Standard of Review

Under Rule 60, a motion for "relief from a final judgment, order or proceeding" may be filed within a "reasonable time," but usually must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed.R.Civ.P. 60(c). Reconsideration under Rule 60 may be granted in the case of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; or (3) fraud; or if (4) the judgment is void; (5) the judgment has been satisfied; or (6) for any other reason justifying relief. Fed.R.Civ.P. 60(b).

### B.   Plaintiff's Motion

In Plaintiff's FAC, he alleged that his Fourteenth Amendment due process rights were violated when he was subjected to a disciplinary hearing based on the finding of contraband in his cell which he claims belonged to his cellmate. (*See* FAC at 3-4.)

The Court had previously informed Plaintiff, in the May 21, 2020 Order, that the Due Process Clause of the Fourteenth Amendment "protects prisoners against deprivation or restraint of a 'protected liberty interest' and 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" (May 21, 2020 Order, ECF No. 4, citing *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (quoting *Sandin v. Connor*, 515 U.S. 472, 484 (1995).)

Plaintiff was also informed that "although the level of the hardship must be determined in a case-by-case determination, courts look to:

> 1) whether the challenged condition 'mirrored those conditions imposed upon inmates in administrative segregation and protective custody,' and thus comported with the prison's discretionary authority; 2) the duration of the condition, and the degree of restraint imposed; and 3) whether the state's action will invariably affect the duration of the prisoner's sentence.

*(Id.* at 3-4; *Ramirez,* 334 F.3d at 861 (quoting *Sandin*, 515 U.S. at 486-87).

Despite the Court's Order informing Plaintiff of the lack of such claims in his Complaint, Plaintiff's FAC was also devoid of any factual allegations with regard to the conditions of confinement he was subjected to as a result of his disciplinary conviction. There were simply no facts in Plaintiff's FAC that indicated that he was subjected to any "atypical and significant hardship" as a result of his disciplinary conviction.

Plaintiff argues in his Motion for Reconsideration that he has "newly obtained evidence" demonstrates that he has proof that he should not have been found guilty of actual possession of contraband that belonged to his cellmate. (*See* Pl.'s Mot., ECF No. 9, at 1-2.) Plaintiff maintains that both Supervising Appeals Coordinator and Warden Pollard "will both testify under oath that I should NEVER have been charged, found guilty, nor punished for being in possession of my former cellmate's cellphone." (*Id.* at 2.)

Even if Plaintiff's disciplinary conviction is set aside or vacated, he still has not alleged facts to show he suffered any "atypical and significant hardship" resulting from the disciplinary hearing. Even if he had plead facts sufficient to invoke a protected liberty interest, his FAC and subsequent Motion for Reconsideration fails to allege facts that he

was denied the procedural protections the Due Process Clause requires. *Ramirez*, 334 F.3d at 860 (citations omitted); *see also Brown v. Oregon Dep't of Corr.*, 751 F.3d 983, 987 (9th Cir. 2014.) Plaintiff's Motion fails to address any of the deficiencies of pleading identified in either of the Court's screening Orders.

A motion for reconsideration cannot be granted merely because Plaintiff is unhappy with the judgment, frustrated by the Court's application of the facts to binding precedent or because he disagrees with the ultimate decision. *See* 11 Charles Alan Wright & Arthur R. Miller Federal Practice & Procedure § 2810.1 (3d ed.) ("[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.").

### III.   Conclusion and Order

For the reasons explained, the Court:

DENIES Plaintiff's Motion for Reconsideration (ECF No. 9).

**IT IS SO ORDERED**.

Dated: July 30, 2020

Hon. William Q. Hayes
United States District Court